IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMELINDA VARGAS-TORRES, et al

Plaintiffs,

v.   CIVIL NO. 08-1278(SEC)

PEDRO TOLEDO-DAVILA, et al

Defendants

**Opinion and Order**

Pending before the Court are Co-defendants Pedro Toledo-Davila ("Toledo"), Jose Figueroa ("Figueroa"), and Daniel Ruiz's ("Ruiz") Motion to Dismiss for failure to state a claim upon which relief can be granted (Docket # 10), and Plaintiffs' response thereto. See Docket # 14. Defendants have also filed a Motion for Judgment as a Matter of Law and to Adjudicate Unopposed Motion to Dismiss (Docket # 11).  After reviewing the filings and the applicable law Defendants' Motion to Dismiss is **DENIED**, and the Motion for Judgment as a Matter of law is **MOOT**.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

In assessing whether dismissal for failure to state a claim is appropriate, the court must take "plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behoof." Buck v. American Airlines, Inc., 476 F. 3d 29, 32 (1st Cir. 2007). "In conducting that tamisage, however, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 33; see also  Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).  Moreover, "[w]hile plaintiffs are not held to higher pleading standards in § 1983 actions, they must plead enough for a necessary inference to be reasonably drawn." Marrero-Gutiérrez v.

Molina, et al., 491 F.3d 1, 9-10 (1st Cir. 2007); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1967-1968 (2007). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007).

**Factual and Procedural Background**

Because the pending motions are motions to dismiss, this Court takes as true all well pleaded facts contained in the complaint and draws all reasonable inferences in Plaintiffs' favor. A brief recount of the facts as they are set forth in the complaint is necessary in order to analyze Defendants' motion to dismiss.

Emelinda Vargas-Torres ("Vargas") and Brian W. Vega-Vargas ("Vega") (collectively "Plaintiffs") allege that on March 9, 2007, Vargas was called home early from work to find her house ransacked and her son (Vega), accompanied by officers Figueroa and Ruiz, under arrest. See Docket # 1, ¶ 3. Although the officers refused to show Plaintiffs a search warrant, allegedly they asked her to open the door to the bedroom, under threats that otherwise they would knock it down. After searching Vargas' room, the officers confiscated a security box, with a pistol and ammunition, which to date have not been returned to her. Id. at ¶ 4. When the officers asked her to leave the room and she denied, Ruiz allegedly pushed her and asked her for money and jewelry in exchange for immunity. Id. at ¶ 5-6. The officers then proceed to search her closet, where they found bullets allegedly pertaining to her deceased husband, who had been a police officer. Vargas was then arrested, and along with Vega, left in the patrol car while Figueroa and Ruiz, along with other officers, searched a horse stable on the property. Id. at ¶ 8. Figueroa and Ruiz then allegedly brought Plaintiffs to another residence, and left them, handcuffed, in the patrol car for hours while a search of the property was conducted. Id. at ¶ 12-15. Vargas alleges that despite informing the officers of her condition as a diabetic, she was denied use of the toilet until she

arrived at the station house. At the station she was paraded in front of the press. Local television stations broadcast images of Plaintiffs in handcuffs and sitting in front of weapons and drugs. Id. at ¶ 17.

Plaintiffs were later charged with violation of the Puerto Rico Firearms Law, and cause was found for felony charges against Vega. Eventually, all of the charges against Plaintiffs were dropped. Accordingly, Plaintiffs allege that their warrantless arrest, the warrantless search of their home, and the charges brought against them, were all part of a series of fabricated cases brought by officers of the Puerto Rico Police Department in Mayaguez.

More specifically, Plaintiffs allege that the Illegal Weapons Division was involved in ". . . bizarre, inappropriate, unprofessional, and illegal conduct . . .," which Toledo, and other unknown supervisors were aware of, or should have been aware of. See Docket 1 at 7. This is attributed to Figueroa and Ruiz through their direct interventions in allegedly fabricating a case against Plaintiffs. Toledo is implicated through his supposed knowledge, and the intervening police officers alleged "deficient training, supervision, and discipline," which was the consequence of the supervisors' negligence in allowing abusive practices becoming ingrained as police policy. Id. at 8. Accordingly, Plaintiffs filed the present lawsuit for damages stemming from their allegedly unlawful arrest and detention, the unlawful search and seizure of their property, and the charges brought against them without probable cause. They argue that Defendants' actions constituted violations of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and therefore premise the suit on 42 U.S.C. § 1983, and Article 1802 of the Puerto Rico Civil Code.

The appearing co-defendants, Figueroa, Toledo, and Ruiz move to dismiss the complaint as to them on the following grounds: that Plaintiffs have failed to present a viable 42 U.S.C.A. § 1983 claim, and that they are entitled to qualified immunity. Furthermore, Toledo argues that

there is no *respondeat* superior liability under 42 U.S.C.A. § 1983. This Court will discuss the merits of these arguments, as they relate to each of Plaintiff's claims.

**Applicable Law and Analysis**

*Failure to State a Claim under 42 U.S.C.§ 1983*

Many of the legal questions posed in this motion to dismiss have recently been discussed by other courts in this district preceding over similar parallel actions related to fabricated cases in the Mayaguez District of the Puerto Rico Police Department. See, e.g., Vargas-Torres, et al v. Pedro Toledo-Davila, et al, No. 07-2002, Dockets ## 34 & 53 (D.P.R. filed Oct. 22, 2007); Vargas, et al v. Toledo, et al, No. 08-1527, Docket # 34 (D.P.R. filed May 5, 2006).

A claim under 42 U.S.C. § 1983 is established by demonstrating that a government official, acting under the color of state law, has caused the deprivation of a federal right. Burke v. Town of Walpole, 405 F.3d 66, 76 (1st Cir. Mass. 2005)(citing Kentucky v. Graham, 473 U.S. 159, 166, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985)). Furthermore, a Plaintiff in a civil rights action must allege an injury to a cognizable interest, and that this injury is ". . . causally related to the challenged conduct," and can be redressed through the litigation in question. See Pagan v. Calderon, 448 F.3d 16, 27 (1st Cir. P.R. 2006). Furthermore, the conduct alleged to have caused the violation must be intentional or recklessly indifferent to the plaintiff's federal statutory or constitutional right. Del Villar-Rosario v. P.R. DOJ, No. 06-2089, 2008 U.S. Dist. LEXIS 86059,*5 (D.P.R. Mar. 3, 2008); see also Gutierrez Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989); Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir. 1986).

*Plaintiffs' Fourth and Fourteenth Amendment Claims*

Plaintiffs allege that Defendants violated their Fourth Amendment rights by entering their home without a valid warrant, arresting them without probable cause, and seizing their property without a valid warrant, or probable cause. See Docket # 1, ¶ 25, 27, 33. In opposition, Defendants argue that the Fourth Amendment claims in the present action should not prosper

**CIVIL NO.  08-1278 (SEC)**                                                                 Page 5

because the arrests allegedly were carried out with probable cause. Citing Pierson v. Ray, 386 U.S. 547, 555 (1967), Defendants allege that the claims for false arrest, and imprisonment, cannot prosper because the arrests were made with probable cause. Docket # 10 at 7. They argue that because local courts found probable cause to arrest for violation of the Puerto Rico Firearms Law against both plaintiffs, and probable cause for a felony charge against Vega at a preliminary hearing, that the arrests cannot be deemed objectively unreasonable for the purposes of a Fourth Amendment claim.

In terms of the case law in Fourth Amendment cases, a felony arrest in a private home is presumptively unreasonable. Burke v. Town of Walpole, 405 F.3d 66, 77 (1st Cir. 2005)(citing Payton v. New York, 445 U.S. 573, 586, 63 L. Ed. 2d 639 (1980)).  Moreover, "the intentional or reckless omission of material exculpatory facts from information presented to a magistrate may also amount to a Fourth Amendment violation." Burke, 405 F.3d at 81.  In these circumstances no deference is owed to the probable cause determination, because it was based on the falsification and tergiversation of the facts, which no rational decision maker could use to base their opinion. Id. (citing Velardi v. Walsh, 40 F.3d 569, 574 n.1 (2d Cir. 1994)).

This Court finds it somewhat farfetched that Defendants tender the argument that probable cause was found against Plaintiffs, when the basis of their claim is that the cases against them were fabricated, and based on illegal searches and seizures.[1] See Docket # 1, ¶ 33. At this juncture, the pleadings of the case support a claim under 42 U.S.C. § 1983 for violations of Plaintiffs' Fourth Amendment rights. Accordingly, Defendants' motion to dismiss for failure to state a claim under the Fourth Amendment is hereby **DENIED.**

---

[1] This same argument was put before another judge of this district, to which the court responded: "Contrary to the case law prompted by defendants, we are not herein dealing with valid warrants of arrest and seizure that resulted in the discharge of the alleged offenders or even of someone who was charged mistakenly and was then found innocent. Instead, we are dealing with innocent citizens who were detained, paraded as offenders, searched, their property seized, and prosecuted on the fabricated evidence of the participating defendants." Vargas, et al, No. 08-1527, Docket # 34 at 5.

**CIVIL NO. 08-1278 (SEC)** Page 6

*Plaintiffs' Fourteenth Amendment Claim*

Defendants have also moved for dismissal of Plaintiffs' claims of malicious prosecution and the illegal taking of their property in violation of the Fourteenth Amendment. See Docket # 1, ¶ 37. Plaintiffs claim that they are protected in this case by the Due Process clause of the Fourteenth Amendment. A substantive due process claim, ". . . must show both that the acts were so egregious as to shock the conscience and that they deprived him of a protected interest in life, liberty, or property." Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. P.R. 2006). In the present situation, the claims resulting from the alleged malicious prosecution must be brought as an ancillary claim under local law. See, e.g., Reyes-Cardona v. J.C. Penny & Co., Inc., 694 F.2d 894, 897 (1st Cir. 1982); Ayala-Martinez v. Anglero, 982 F.2d 26, 27 (1st Cir. 1992); Esteras v. Diaz, 266 F. Supp. 2d 270, 280 (D.P.R. 2003). However, as stated above, Plaintiffs were subjected to warrantless arrests in their homes, and they and their property were detained. As such their allegation of improper criminal proceedings may constitute valid claims under the Fourth Amendment. Id.

Furthermore, there may be room in this suit for Fourteenth Amendment claims for the alleged intentional parading of Plaintiffs before the press, and other abusive behavior by Defendants that "shocks the conscience." Camilo-Robles v. Hoyos, 151 F.3d 1, 6 (1st Cir. P.R. 1998). Nevertheless, there is not enough evidence before this Court at this stage of the proceedings to determine if Plaintiffs' other due process claims for Defendants' abusive behavior constitute Fourteenth Amendment claims. Accordingly, this Court will **DENY** Defendants' motion to dismiss on these grounds.

*Pedro Toledo's Supervisory Liability*

Supervisory liability can stem from either direct participation in unconstitutional conduct under the color of state law, tacitly authorizing and condoning said conduct, or creating a policies

that lead to civil rights violations. Vargas-Torres, No. 07-2002, Docket # 34 at 11; see also Camilo-Robles v. Zapata, 175 F3d 41, 44 (1st Cir. 1999); Camilo-Robles, 151 F.3d at 6-7. However, this requires an affirmative, or causal, link to the acts that could constitute "supervisory encouragement, condonation, acquiescence, or gross negligence . . . amounting to deliberate indifference." Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir. P.R. 2005)(citing Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir. 1995)(quotations omitted)). Such a link exists in scenarios where there is a ". . . known history of widespread abuse sufficient to alert a supervisor to ongoing violations." Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 48 (1st Cir. 1999)(citing Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994)). "Even if a supervisor lacks actual knowledge of censurable conduct, he may be liable for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness, and if he had the power and authority to alleviate it." Id.

With regards to Toledo, Plaintiffs allege that:

> [He] should have been aware of the bizarre, inappropriate, unprofessional and illegal conduct demonstrated by the police officers assigned to the division of illegal weapons in Mayaguez. The magnitude of these defendants' illegal conduct was so outrageous and rampant that these named defendants' failure to take notice of the existence of such a pattern and practice, and/or to take corrective action through timely, adequate, and effective supervision and discipline of the unruly members of the named police division, amounts to gross negligence and/or reckless disregard and/or deliberate indifference towards the constitutional rights of others. The defendants police officers' failure to act at a minimally constitutionally acceptable level of police conduct results from these named defendants' deficient training, supervision and discipline; a circumstance negligently prolonged for a long enough time to become ingrained as a police policy that ensured an 'entire barrel of bad apples' were able to run amok without the risk of facing commensurate disciplinary consequences.

Docket 1, ¶ 22. Similar wording to the above was used to implicate Toledo in Vargas-Torres. See No. 07-2002, Docket # 34 at 12. There the court held that allegations that he should have been aware of his subordinate officers egregious pattern of conduct were sufficient to survive a motion

**CIVIL NO. 08-1278 (SEC)**                                                                 Page 8

to dismiss for failure to state a claim. This Court agrees with said conclusion, as it is reasonable to believe that Toledo knew, or as a part of his supervisory responsibilities, should have known about the pattern of fabricated cases in the Mayaguez Police District. Accordingly, the motion to dismiss the Section 1983 claims against Toledo is **DENIED.**

*Qualified Immunity*

Qualified immunity does not exist in situations where a plaintiff's rights have been violated, and the officers had notice that their conduct was unlawful. However, defendants can enjoy immunity if it can be established that he or she ". . . acted objectively reasonably in applying clearly established law to the specific facts they faced." Id. Nevertheless, there is no doubt that a material fabrication violates the Fourth Amendment. See Aponte Matos, 135 F.3d at 185; Burke, 405 F.3d at 85. Where false statements are used to establish probable cause, police officers do not enjoy qualified immunity. Burke, 405 F.3d at 82 (citing Aponte Matos v. Toledo-Davila, 135 F.3d 182, 185 (1st Cir. 1998)). As such, Defendants request for qualified immunity is **DENIED**.

*Supplemental Claims*

Supplemental jurisdiction ". . .exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case." Rivera-Sánchez v. Autoridad deEnergía Eléctrica, 360 F.Supp.2d 302, 318 (D.P.R. 2005). However, "[t]he state claims must be linked to the federal claim by a 'common nucleus of operative facts', and must be sufficiently substantial to confer federal court jurisdiction." Id. at 319 (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86S.Ct. 1130, 1138 (1966). Plaintiffs' state law claims arise out of a common nucleus of operative facts with

their claims under 42 U.S.C. § 1983, so it is in the interest of judicial efficiency that this Court retain jurisdiction over the supplemental state law claims.

**Conclusion**

In light of the above discussion, Defendants motion to dismiss (Docket # 10) is **DENIED**. Furthermore, in accordance with this Court's prior Order (Docket # 11), Defendants' Motion for Judgment as a Matter of Law and to Adjudicate Unopposed Motion to Dismiss is **MOOT**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of March, 2008.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge